HEIRS OF PEDRO ROMERO MONTAÑEZ ET AL., Petitioners, v. DISTRICT COURT OF SAN JUAN, HON. P. PÉREZ PIMENTEL, JUDGE, Respondent; PEDRO RODRÍGUEZ RIVERA, Intervener.

No. 1854. Argued June 13, 1950. Decided August 4, 1950.

F. Fernández Cuyar for petitioners. Félix Ochoteco, Jr., for intervener, defendant in the main action.

PER CURIAM: The petitioners in the present case filed a complaint for damages in which the intervener herein is a codefendant. The other defendant answered, but the intervener moved for a bill of particulars and the lower court granted his motion. We granted certiorari in order to review the action of the lower court.

The particulars sought were expected to state of what the alleged negligence and damages consisted. The pertinent pleadings of the complaint are copied in a footnote at the bottom of this opinion.[1]

_____
[1] The pertinent pleadings of the complaint are:

"2. On January 9, 1949, between one and two o'clock in the morning, Pedro Romero Montañez was struck down in Labra Street of this city, by a Plymouth taxi, license P-24050, owned by the defendant Vélez Posada and driven then by the latter's employee Dulcidio Arroyo Miranda, while

The intervener maintains that we should quash the writ issued on the ground that *Canino* v. *Court of Eminent Domain*, 70 P.R.R. 141, on which we relied for its issuance, is distinguishable from the case at bar, and because the granting of particulars is discretionary with the trial court.

The distinction made by the intervener between the case of Canino and the case at bar is to the effect that in the *Canino* case the particulars were sought by the People, after Canino had answered the complaint for condemnation, and thereupon the People did not have to file any other pleading calling for particulars. But although this is true, said case contains a dictum, which we now expressly ratify, to the effect that "Furthermore, unless the pleading be so intricate as to require an order for a more definite statement, a motion for such an order shall not be granted." Said dictum, therefore, clearly expresses the doctrine advocated by Moore in the sense that unless the pleading is so vague and ambiguous that no answer can be framed to the complaint, a motion for particulars does not lie. 2 Moore's Federal Practice (2d ed. 1949) § 12.17 p. 2281. And we have seen that the pleadings of the complaint in question are clear and precise and can be denied without having to specify in what the negligence consisted and of what the damages claimed were composed.

The discretion which a court might have to grant motions for particulars must not be such as to defeat the purpose of the rules to simplify and expedite proceedings. Once it is established that motions for particulars only lie where the complaint is so ambiguous and vague that no answer thereto can be framed, a court granting them when the complaint lacks that defect, abuses its discretion.

---

acting as such employee in Vélez Posada's business of passenger transportation, the accident having occurred when the aforesaid taxi came across a Studebaker automobile, license 12990, owned by the defendant Rodríguez Rivera in which the latter was traveling, both vehicles, due to his negligence, having struck down said Pedro Romero Montañez.

"4. Owing to their predecessor's violent death the plaintiffs have suffered damages in the sum of twenty thousand dollars ($20,000.)"

764

■ A bill of particulars as to damages lies only when special damages are alleged and such damages were not alleged here. 2 Moore's Federal Practice (2d ed. 1949) § 12.18, p. 2305.

The order will be set aside and the case remanded for further proceedings consistent with this opinion.

